UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID C. CADWALLADER,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:19-CV-572-JD-MGG

## OPINION AND ORDER

David C. Cadwallader, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2241 to challenge the calculation of his sentences for two counts of theft under Cause No. 20D06-1708-F6-1196 and Cause No. 20D06-1710-F6-1514. For these convictions, the Elkhart Superior Court sentenced him to 820 days for each count to run consecutively from September 22, 2017. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Cadwallader argues that he is entitled to habeas relief because the Indiana Department of Correction has inaccurately calculated his sentence. Specifically, he contends that the Department of Correction calculated his earliest projected release date as December 20, 2019, but that he should be released on August 25, 2019. Under Indiana law, prisoners receive up to one day of good time credit for each day of his or her imprisonment if they remain in Credit Class A, the highest credit class. Ind. Code § 35-

50-6-3.1. This means that prisoners who remain in the highest credit class throughout their term of incarceration will serve only half of their sentences. The habeas petition and exhibits indicate that Cadwallader has remained in Credit Class A throughout his term of incarceration. The earliest projected release date for such a prisoner is calculated by starting with the date of arrest and adding half of his or her term of incarceration as sentenced. Here, the record reflects that his sentence is two consecutive terms of 820 days for a total of 1,640 days. By accruing good time credit at the highest rate, this sentence is effectively reduced to 820 days. Because his sentence began to run on September 22, 2017, his earliest projected release date should be December 20, 2019, which is consistent with the Department of Correction's sentence calculation.[1] Therefore, the argument that the Department of Correction inaccurately calculated his sentence is not a basis for habeas relief.

Pursuant to Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this ruling. Therefore, there is no basis for encouraging him to proceed further.

---

[1] In other words: (1) eight hundred twenty days is roughly twenty-seven months or two years and three months; and (2) two years and three months from September 2017 is December 2019.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DENIES David C. Cadwallader a certificate of appealability pursuant to Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on July 31, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT